IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WAX FLOWERS,

   Plaintiff,

    v.

LIFE UNIVERSITY,

   Defendant.

CIVIL ACTION FILE
NO. 1:05-CV-1601-TWT

ORDER AND OPINION

This is an employment discrimination action. It is before the Court on the Report and Recommendation [Doc. 27] of the Magistrate Judge recommending denying the Defendant's Motion to Dismiss [Doc. 6]. The Defendant's Objections to the Report and Recommendation are well taken. The Magistrate Judge applied an incorrect legal standard in denying the Motion to Dismiss, and then erred in sua sponte imposing Rule 11 sanctions against the Plaintiff without issuing the show cause order required by Rule 11(c)(1)(B).[1] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the

---

[1] It is difficult to understand how the Plaintiff's misconduct could at the same time require imposition of Rule 11 sanctions but not dismissal under 28 U.S.C. § 1915(e)(2)(A).

court determines that -- (A) the allegation of poverty is untrue. . . ." 28 U.S.C. § 1915(e)(2)(A) (emphasis added). The statute was amended in 1996 to substitute "shall" for "may." The misuse of "shall" as a word of authority is well documented. See Bryan A. Garner, *A Dictionary of Modern Legal Usage* 939-41 (2nd ed.). Nevertheless, in this context, it is clear that "shall" means "has a duty to." Id. at 940. And, the statute has been interpreted to make dismissal mandatory if the court finds that the allegation of indigency is untrue. See Thomas V. General Motors Acceptance Corp., 288 F.3d 305 (7th Cir. 2002). The Magistrate Judge erred in grafting onto the statute additional requirements that: (1) the court must hold a hearing and determine whether the plaintiff's true financial status does not warrant in forma pauperis treatment; and (2) dismissal requires a clear showing of bad faith on the plaintiff's part. [Doc. 16 at 12]. In any event, the Plaintiff flagrantly misrepresented his assets and family income. He failed to disclose his ownership of three pieces of real property valued at more than $400,000. He understated the value of his personal residence by about $300,000. He failed to disclose his ownership of a business. He failed to disclose his wife's employment as a teacher with the Decatur City Schools. His testimony that he filed the in forma pauperis affidavit at the Clerk's insistence is not credible. Allowing this action to proceed in spite of these flagrant misrepresentations would set a terrible precedent for this district. The Court declines

to adopt the Report and Recommendation. The Defendant's Motion to Dismiss [Doc. 6] is GRANTED. This action is dismissed with prejudice. The Plaintiff's Motion to Deny Motion to Dismiss [Doc. 8] is DENIED.

SO ORDERED, this 7 day of March, 2006.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge